UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-99-FDW

| | |
|---|---|
| THOMAS ELBERT STEVENSON, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MECKLENBURG CO. JAIL, )<br>ROB DIXION, )<br>TONY HAYES, )<br>)<br>Defendants. )<br>) | ORDER |

**THIS MATTER** is before the Court on an initial review of the civil rights complaint that Plaintiff has filed pursuant to 42 U.S.C. § 1983. For the reasons that follow, this action will be dismissed.

## I. BACKGROUND

At the time Plaintiff filed his pro se § 1983 complaint, he was housed in the Mecklenburg County Jail awaiting the disposition of unspecified charges. According the website of the Mecklenburg County Sheriff's Office, Plaintiff was released on April 10, 2014. In his complaint, Plaintiff alleges that he completed two courses that were offered to certain adult offenders while he was detained in the Mecklenburg County Jail in 2012. One course was in carpentry and the second program was in OSHA Safety Training. The courses were administered by Central Piedmont Community College (CPCC) and taught by Defendants Dixon and Hayes. While incarcerated, Plaintiff made efforts to obtain certificates of completion which would demonstrate that he had completed the courses. Plaintiff contacted Defendants Dixon and Hayes at CPCC and was informed that he would receive one or more of the certificates, however Plaintiff apparently

1

did not receive certificates from either Dixon or Hayes.

Plaintiff submitted written grievances to prison officers on February 4th and 20th of 2014. In a reply to his second grievance, an officer stated that the "certificates that we have on file are attached. You will need to contact Mr. Hayes at CPCC" for further information. (Doc. No. 5 at 5). Plaintiff acknowledges that he received certificates but he was unimpressed because the "jail sent some unprofessional looking certificates." (Id. at 4).

In his claim for relief, Plaintiff seeks, among other things, compensation for the mental anguish he contends he has endured in his quest to obtain the certificates and apparently $3,700 in punitive damages.

## II.     STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "the court shall review ... a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." During this review, the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint— (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b)(1), (b)(2).

Upon review, this Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989). A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

## III.  DISCUSSION

Plaintiff appears to contend that Defendants Dixon and Hayes are state actors based on their participation in educating inmates who are confined in the Mecklenburg County Jail.[1] In order to be held liable under § 1983, a defendant "must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." DeBauche v. Trani, 191 F.3d 499, 506 (4th Cir. 1999) (citing United States v. Price, 383 U.S. 787, 794 n.7 (1966) and Edmonson v. Leesville Concrete Co., 500 U.S. 614, 620 (1991)). If a defendant can make this showing, then the private action at issue in the § 1983 proceeding "may be fairly treated as that of the State itself." Debauche, supra (quoting American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 51-52 (1999)).

Even if Defendants Dixon and Hayes did meet the definition of a state actor for purposes of evaluating Plaintiff's § 1983 complaint, the Court finds that Plaintiff has failed to state a claim that could entitle him to any form of relief. First, Plaintiff acknowledges that he received certificates from a prison officer in response to his written grievances although he was dissatisfied with the quality of the certificates. Second, Plaintiff has been released from custody and he may continue to try and obtain certificates which meet his standards directly from either Dixon or Hayes at CPCC.

## IV.  CONCLUSION

Based on the foregoing, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted and this action will be dismissed.

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED without**

---

[1] The Court notes that the Mecklenburg County Jail is not an entity capable of being sued in a § 1983 action. See, e.g., Miller v. Benton County Jail, 2006 WL 2711482, at *1 (W.D. Ark. Sept. 21, 2006) ("The Benton County Jail is not a legal entity subject to suit under section 1983.") (collecting cases).

**prejudice.** (Doc. No. 1).

The Clerk of Court is directed to close this civil case.

Signed: May 21, 2014

Frank D. Whitney
Chief United States District Judge